Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
MICHAEL MILLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MILLER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>KENDALL JENNER, INC., a California corporation; KENDALL + KYLIE, INC., a business entity of form unknown; KENDALL JENNER, an individual; KYLIE JENNER, an individual; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>4. VIOLATION OF CAL. CIV. CODE 3344<br><br>Jury Trial Demanded |

Plaintiff, Michael Miller ("Miller"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

# INTRODUCTION

Miller is a renowned professional photographer with a remarkable body of work, having created numerous compelling and intimate images of artists, performers, and celebrities, amongst other subjects. A$AP Rocky, Jack Nicholson, Eazy E, Angelina Jolie, and Tupac Shakur are some of the personalities depicted in his portfolio. He has also collaborated with high-level brands such as Ferrari and Puma, published two books of his work, and will exhibit his Shakur photographs at the California African American Museum, the Getty Institute Museum, and the New York Public Library.

Defendants Kendall Jenner ("Kendall") and Kylie Jenner ("Kylie") are internet and reality television personalities who are known for their ostentations displays of wealth on social media. Miller at no time sought to associate his work with Kendall or Kylie or any of their companies.

And with good reason – an association with Kendall is particularly problematic given that she was complicit in not one but two of the worst public relations disasters in recent memory. First, she appeared to resolve certain issues of racial and societal strife through the conveyance of a carbonated beverage in an ad campaign that the *New York Times* noted "trivialized the widespread protests against the killings of black people by the police."[1] Then, she was engaged to promote a disastrous music festival that is now the subject of numerous lawsuits and at least one Federal indictment and which "could be the biggest scam of the year[.]"[2]

Now, Kendall and Kylie have misappropriated and wrongfully exploited at least two original photographs of late hip hop artist Tupac Shakur, slapping the iconic

---

[1] https://www.nytimes.com/2017/04/05/business/kendall-jenner-pepsi-ad.html

[2] http://www.vanityfair.com/news/2017/06/fyre-festival-billy-mcfarland-millennial-marketing-fiasco

photographs on garments and overlaying them with dubious imagery and text. Kendall and Kylie then offered these garments for sale to their fans for more than a hundred dollars per item.

Miller created two of the Shakur photographs that were misappropriated by Kendall and Kylie, who at no times notified Miller that they intended to exploit his photography, let alone obtained his authorization. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Miller is an individual residing in the state of California in the United States.

5. Plaintiff is informed and believes and thereon alleges that Defendant Kendall Jenner, Inc. ("KJI") is a California corporation, with its principal place of business located at 21731 Ventura Boulevard, Suite 300, Woodland Hills, California 91364.

6. Plaintiff is informed and believes and thereon alleges that Kendall + Kylie, Inc. ("KKI") is a business entity of form unknown doing business in California.

7. Plaintiff is informed and believes and thereon alleges that Defendant Kendall is a California resident.

8. Plaintiff is informed and believes and thereon alleges that Defendant Kylie is a California resident.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHS**

11. Miller created and owns all rights in two original photographs of Shakur ("Subject Photographs"). The Subject Photographs are set forth in the tables below.

12. The Subject Photographs were registered with the United States Copyright Office, with all formalities satisfied, before the infringement at issue.

13. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photographs and then exploited them without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photographs by

incorporating same into products such as apparel (collectively the "Accused Product"). A non-inclusive exemplar of the Accused Products is set forth below alongside the corresponding photograph. These exemplars are not meant to encompass all Accused Products; the claims made herein are as to any product licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, one or both of the Subject Photographs. The Subject Photographs are referred to below as Subject Photograph A and Subject Photograph B, and the corresponding Accused Product style is identified as Accused Product A and Accused Product B:

| **Subject Photograph A:** | **Accused Product A:** |
|---|---|
|  |  |

| Subject Photograph B: | Accused Product B: |
|---|---|
|  |  |

14. A comparison of the Subject Photographs with the corresponding images on the Accused Product reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

15. On information and belief, Plaintiff alleges that KKI, KJI, Kendall, and Kylie, along with DOE Defendants, were involved in creating and/or developing the Accused Product, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Product to third parties, including without limitation, the public.

16. Plaintiff at no time authorized Defendants, or any of them, to use the Subject Photographs as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Miller is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs in or on Miller publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source. Access is also established by the striking similarity of the Subject Photographs and the photographs on the Accused Product.

19. Miller is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those parties conspired to traffic in the Accused Product.

20. Miller is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and sold product bearing images that are identical to, or substantially similar to, the Subject Photographs.

21. Miller is informed and believes and thereon alleges that Defendants, and each of them, infringed Miller copyrights by creating an infringing works from the Subject Photographs and then marketing, distributing, and selling the Accused Products to the public.

22. Defendants, and each of them, infringed Miller's rights by copying the Subject Photographs, and distributing the Accused Products, without Miller's authorization or consent.

23. Due to Defendants', and each of their, acts of infringement, Miller has suffered actual, general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Miller's rights in the Subject Photographs. As such, Miller is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

25. Miller registered the Subject Photographs with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

26. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Miller is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Specifically, the retailer Defendant transacted with the wholesaler Defendant, and the wholesaler Defendant transacted with its suppliers, in a concerted effort to create,

distribute, and sell the Accused Product. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Products.

29. Miller is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the supply chain had the ability to oversee the development and distribution of the product as engaged in by the party from which it obtained the Accused Products, or component thereof. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Products.

30. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Miller has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

31. Miller registered the Subject Photographs with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

32. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Miller's rights in the Subject Photographs. As such, Miller is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs, in an amount to be established at trial.

33. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge,

subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))

34. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35. Miller is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information on the copy of at least one Subject Photograph ("Mislabeled Copy"), and distributing copyright management information for the Mislabeled Copy with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Mislabeled Copy, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

36. The removal of Miller's name authorship information and addition of Kylie's name and information can be can be seen in the comparison below:

**Subject Photograph A**:



**Accused Product A:**



37. Miller is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Mislabeled Copy.

38. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

39. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## FOURTH CLAIM FOR RELIEF

(Misappropriation of Likeness in Violation of Cal. Civ. Code 3344(a))

40. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

41. Miller is informed and believes and thereon alleges that Defendants, and each of them, knowingly used Miller's name for purposes of advertising or selling, or soliciting purchases of, Defendants', and each of their, products, merchandise, goods, or services, and did so without Plaintiff's consent. Such usage is illustrated below:

**Accused Product B**:



42. Miller is informed and believes and thereon alleges that Defendants, and each of them, knowingly used Miller's name in order to advertise and market KKI and their products and services in violation of this law, exposing Defendants, and each of them, to damages, costs, and attorneys' fees. Such use resulted in injury to Miller.

43. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

44. The above-referenced use of the Miller name violates Cal. Civ. Code 3344(a) and subjects Defendants, and each of them to statutory damages and penalties, including punitive damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

   a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photographs.

   b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

   c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*, and Cal. Civ. Code 3344(g).

   d. That a trust be entered over all Accused Products, and all profits realized through the sales and distribution of said product;

    e.    That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

    f.    That Plaintiff be awarded pre-judgment interest as allowed by law;

    g.    That Plaintiff be awarded the costs of this action; and

    h.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: July 7, 2017    By:    */s/ Scott Alan Burroughs*
    Scott Alan Burroughs, Esq.
    DONIGER / BURROUGHS
    Attorneys for Plaintiff
    MICHAEL MILLER