# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MILLER, an Individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENDALL JENNER, INC., a California corporation; KENDALL JENNER, an individual; KYLIE JENNER, an individual; 3072541 CANADA, INC., a California Corporation individually and doing business as "KENDALL + KYLIE"; and DOES 1-10,<br><br>　　　　Defendants. | Case No. CV17-04992 RSWL (SSx)<br><br>**PROTECTIVE ORDER**<br><br>Discovery Cutoff:　May 22, 2018<br>Motion Cutoff:　　June 19, 2018<br>Trial Date:　　　October 16, 2018<br><br>**[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED** that any person or party subject to this Order – including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. <u>Proceedings and Information Governed</u>. This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the discovery and pre-trial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, documents or things produced in connection with the lawsuit, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof (collectively "Information"). The Order does not govern proceedings during trial nor does it prohibit either party from seeking a Protective Order to govern proceedings during trial.

2. <u>Designation of Information for Protection Under This Order</u>. Any such Information produced in this action that is reasonably believed by the producing party to be non-public, proprietary or confidential may be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The appropriate designation may be made by stamping or otherwise marking the Information prior to production as follows: "Confidential" or "Highly Confidential - Attorneys' Eyes Only." In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the producing party makes the Information available for inspection or provides a copy of the Information to the receiving party. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give notice thereof at the deposition or within fifteen (15) days after receipt of the deposition

1892165/4293.011

transcript. Deposition testimony shall be treated as "Highly Confidential - Attorneys' Eyes Only" until expiration of the fifteen (15) day notice period.

In the event such notice is given, the appropriate provisions of paragraphs 12 and 13 below shall apply. In the event that Information is provided under this Order, whether in written, oral or other form, without any designation of confidentiality, such Information may be designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at a later time, and shall be treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by all parties hereto as though such Information had been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" when originally provided, except to the extent that such Information has already been disclosed to persons not subject to this Order. In the event that the Information referred to immediately above is disclosed to persons not subject to this Order, the party that made such disclosure shall identify such recipients to the other party in this action, unless such disclosure is subject to the attorney client privilege or attorney work product doctrine.

3. <u>Disclosure of Confidential Information</u>. As a general guideline, Information marked "Confidential," as distinguished from "Highly Confidential - Attorneys' Eyes Only," shall include Information that may be disclosed by the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Once designated as "Confidential," such designated Information shall, absent a specific order by this Court, be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Information shall not be disclosed to anyone except as provided herein. Information marked "Confidential," as distinguished from "Highly Confidential - Attorneys' Eyes Only," may be disclosed by the receiving party to the following recipients only:

(a) The outside litigation attorneys of record in this action, and any outside attorneys retained by the parties in this action to consult on the litigation, and their

respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

(b) Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them;

(c) The officers, directors and employees of a party;

(d) The Court and its respective clerks and support personnel;

(e) Court reporters employed in connection with this action;

(f) The persons permitted under paragraph 11 below; and

(g) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

4. <u>Highly Confidential - Attorneys' Eyes Only Information</u>. As a further general guideline, Information designated as "Highly Confidential - Attorneys' Eyes Only" shall be Information of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or non-party holding the proprietary rights thereto, and that must be protected from disclosure. Once designated as "Highly Confidential - Attorneys' Eyes Only," such designated Information shall, absent a specific order by this Court, be used by the parties solely in connection with this litigation, and not for any business or governmental purpose or function, and such Information shall not be disclosed to anyone except as provided herein. All Information designated "Highly Confidential - Attorneys' Eyes Only" is included within the meaning of "Confidential" Information as used in this Order, and all the provisions set forth in the Order that apply to "Confidential" Information also apply to material designated "Highly Confidential - Attorneys' Eyes Only." However, Information designated "Highly Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in subparagraph 3(c) of this Order, except as provided

1892165/4293.011

in paragraph 11 (*i.e.*, the authors or addressees of the document). In-house counsel and staff are specifically excluded from access to Information designated "Highly Confidential - Attorneys' Eyes Only."

5. <u>Reference to Information.</u> Notwithstanding any provision in this Stipulation and Protective Order, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information in the course of advising a party client with respect to this lawsuit, provided, however, that counsel shall not disclose the specific substance or content of any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information if such disclosure would violate this Order. However, it is expressly understood and agreed that, regardless of any claim that such information is "Confidential" or "Highly Confidential - Attorneys' Eyes Only", Plaintiff's counsel may disclose to its clients: (1) the number of units purchased and sold (at wholesale and/or retail level); (2) claimed gross revenue; (3) the per unit cost of goods (at wholesale and/or retail level); (4) per unit claimed gross profits; and (5) claimed deductions beyond cost of goods attributable to the sale of the challenged goods (at whole and/or retail level).

6. <u>Declarations</u>. Each person referred to in paragraph 3 hereof, except persons falling under paragraph 3(a), 3(d), 3(e) and clerical and stenographic personnel falling within paragraph 3(b) above, to whom Information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as **Exhibit A**, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside litigation counsel for the party making such disclosure. Persons falling under paragraph 3(a) shall read a copy of this Stipulation and Order and sign and date it to signify they have read, understood and agreed to be bound by its terms and provisions.

7. <u>Use</u>. "Confidential" or "Highly Confidential - Attorneys' Eyes Only"

1892165/4293.011

Information shall be used by the persons to whom it is disclosed solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto. "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court. No person who receives "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall disclose it to any person not entitled under this Order to receive it.

8. Court Procedures.

(a) Subject to and in accordance with the provisions of Central District Local Rule 79-5, pleadings which contain or annex Information designated under this Order as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word(s) "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

(b) This envelope is sealed pursuant to Order of the Court, contains Confidential or Highly Confidential - Attorneys' Eyes Only Information and is not to be opened nor the contents revealed except by Order of the Court.

(c) Any Court hearing which refers to or describes "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall in the Court's discretion be held *in camera*;

(d) The filing of a document under seal pursuant to this paragraph 8 does not restrict in any way a party's right to use or disseminate any part of the document that does not contain, annex or expressly refer to Information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Order.

(e) If, after complying with the foregoing, the Court refuses to file the

1892165/4293.011

materials under seal, the Receiving Party may file materials otherwise designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in the public record. Such filing shall be without prejudice to the Designating Party to subsequently filing a Motion to retroactively seal the same.

9. <u>Limitations on Scope of Protective Order</u>.

(a) The restrictions and obligations set forth herein shall not apply to any information that (a) the parties agree or the Court rules should not be designated confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the producing party.

(b) The restrictions and obligations herein shall not be deemed to prohibit discussions of any confidential Information with anyone if that person already has or obtains legitimate possession thereof.

(c) Nothing herein shall be construed to prevent disclosure of confidential Information if such disclosure is required by order of the Court.

(d) Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

(e) This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential Information. The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f) Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information or Confidential – Attorneys' Eyes Only Information, provided that the contents of the information shall not be

1892165/4293.011

disclosed except as set forth above

(g) Nothing herein shall prejudice the right of any party to object to the production of any Produced Material on the grounds that such material is protected as privileged or as attorney work product.

10. <u>Removal</u>. A party may seek to downgrade or remove a confidentiality designation applied under this Order. In such event, the following procedure shall be utilized:

(a) The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the Information as to which such downgrade or removal is sought;

(b) If the parties cannot reach agreement concerning the matter within ten (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal may file and serve a motion for an order of this Court for appropriate relief. Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties or order of the Court. In any such motion, the party seeking to protect the Information bears the burden to establish the appropriateness of the protection or degree of protection sought.

11. <u>Disclosure to Author or Addressee</u>. Nothing herein shall prohibit a party, or its counsel, from disclosing Information that has been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information to persons who are authors or addressees of such Information.

12. <u>Depositions</u>. Any deposition reporter who takes down or receives "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information at a deposition shall be given a copy of this Order. In addition, all deposition testimony and exhibits designated either as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page

1892165/4293.011

either "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If counsel, pursuant to the provisions of Paragraph 2 above, designates any deposition testimony "Confidential" or "Highly Confidential - Attorneys' Eyes Only" within the fifteen (15) day period after receiving the deposition transcript, counsel shall specifically identify in writing which portions are to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall send such writing to counsel for all parties involved in the action. Counsel for each party shall then be responsible for marking, as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only", the appropriate pages of the deposition transcript so identified.

13. <u>Exclusion from Deposition</u>. Whenever any Information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive Information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

14. <u>Third Party Confidentiality Rights</u>. In the event that Information in the possession or control of a party involves the confidentiality rights of a non-party or that its disclosure would violate a protective order issued in another action, the party with possession or control of the Information will attempt to obtain the consent of the non-party to disclose the Information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) The existence of the Information, without producing such Information and; (b) The identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such Information including the right to seek an *in camera* review by the judge or magistrate.

15. <u>Subpoenas</u>. In the event any person or party having possession, custody or control of any "Confidential" or "Highly Confidential - Attorneys' Eyes Only"

1892165/4293.011

Information receives a subpoena or other process or order to produce such Information, the recipient of the subpoena shall advise the attorney for the party issuing the subpoena that the Information being requested has been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to a court order. The attorney for the party receiving the subpoena shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the Information sought by such subpoena or other process or order and shall promptly furnish those attorneys of record with a copy of said subpoena or other process or order. The attorney for the party claiming confidential treatment shall have five (5) business days from the date of receipt of a copy of said subpoena (or other process or order) to file a motion to quash or modify the subpoena, process or order. If production of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information pursuant to the subpoena, process or order is required prior to the expiration of this five (5) day period, the attorney for the party receiving the subpoena shall object in writing to the production by stating that the Information sought has been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to a court order. The attorney for the party receiving the subpoena shall be under no obligation to file any motion to quash or modify the subpoena or take any action other than to object in writing to the production pending a court order compelling production of the subpoenaed materials. If a motion to quash or modify the subpoena, process or order is made by the party claiming confidential treatment, there shall be no disclosure of the subject matter objected to, except sufficient to identify it for purposes of the motion to quash, until the court in which the motion is brought has ruled on the motion, and then only in accordance with the ruling so made. If the party claiming confidential treatment does not file a motion to quash or modify the subpoena within the five (5) day period provided herein, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

1892165/4293.011

16. <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any Information is or is not proprietary to any party, is or is not entitled to particular protection, or that such Information embodies trade secrets or other confidential material of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

17. <u>Unauthorized Disclosure</u>.

(a) If "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information is disclosed to any person other than in the manner authorized by this Protective Order (an "Unauthorized Person"), the party responsible for the unauthorized disclosure, and any party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure including, without limitation, the identification of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information disclosed and the Unauthorized Persons to whom the disclosure was made.

(b) The party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains confidential Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign

1892165/4293.011

an undertaking in the form attached as **Exhibit A** (to be promptly provided to the producing party); and (iii) making best efforts to retrieve all copies of confidential Information disclosed to the Unauthorized Person. The producing party and party that disclosed the confidential Information shall cooperate in good faith in this effort.

(c) Any person found to have made an impermissible use of any confidential Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

(d) No party shall be responsible to another party for disclosure of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

18. <u>No Probative Value</u>. This Stipulation and Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party to this Order, as to any third party, with respect to any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information. The fact that Information is designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Stipulation and Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that Information has been designated confidential under this Stipulation and Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any Information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding

1892165/4293.011

before any court, agency or tribunal as evidence of or concerning whether or not such Information is confidential or proprietary.

19. <u>Return of Information</u>.

(a) Within sixty (60) days of final termination of this action, including any and all appeals, each party and counsel for each party shall, at the producing party's election, destroy or return all "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information to the party that produced the information, including any copies, excerpts, and summaries thereof and has purged all such information from all machine-readable media on which it resides, and shall certify to the other producing party that all such information has been destroyed/returned. Notwithstanding the foregoing, outside counsel for each party may retain one set of all pleadings, briefs, memoranda, motions, expert reports, or other documents filed with the Court that refer to or incorporate confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further attorney work product materials that contain confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

(b) This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce its terms and to make such amendments and modifications to this Protective Order as may be appropriate. Notwithstanding the foregoing, a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

20. <u>Effective Date</u>. Upon the signing of this Stipulation and Protective Order by the United States District Court Judge, or Magistrate Judge, this Stipulation and Protective Order shall be effective as against all party signators to the Stipulation for entry of this Stipulated Protective Order as of the date of such signature of that party or party's representative, thereby rendering this Order effective *nunc pro tunc* to the

1892165/4293.011

date of such party's signature.

21. <u>Amendment</u>. Either party may move the Court to amend this Stipulated Protective Order at any time. Moreover, parties entering into this Stipulated Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

**IT IS SO ORDERED.**

Date: _12/27/17_ \_\_\_\_\_/S/ Suzanne H. Segal_____
Honorable Suzanne H. Segal

1892165/4293.011

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Michael Miller v. Kendall Jenner, Inc., et al.*, Case No. 2:17-CV-04992-RSWL-SS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1892165/4293.011